AO 245B (Rev. 9/00) - Judgment in a Criminal Case

# United States District Court
## Northern District of California

FILED
DEC 2 7 2002
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RAKESH DHINGRA | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:   CR-01-40144-01 SBA<br><br>JEROME MATTHEWS<br>Defendant's Attorney |

**THE DEFENDANT:**

[ ]   pleaded guilty to count(s): ___.
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[x]   was found guilty on count(s) <u>one of the Indictment</u> after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | COERCION AND ENTICEMENT | JULY 10, 2000 | ONE |

The defendant is sentenced as provided in pages 2 through <u>8</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___.

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.:   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 | DECEMBER 17, 2002<br>Date of Imposition of Judgment |
| Defendant's Date of Birth:   07/01/1960 | <i>/s/ signature</i><br>Signature of Judicial Officer |
| Defendant's USM No.:   35657-011 | |
| Defendant's Residence Address:<br>506-330 CRESTVIEW AVE.<br>BELMONT, CA 94002 | Honorable Saundra B. Armstrong, U. S. District Judge<br>Name & Title of Judicial Officer<br><br>Dec 27, 2002<br>Date |
| Defendant's Mailing Address:<br>506-330 CRESTVIEW AVE.<br>BELMONT, CA 94002 | |

Entered on Criminal Docket 12/30/02

Document No. 86A
District Court
Criminal Case Processing

AO 245B (Rev. 9/00) - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | RAKESH DHINGRA | Judgment - Page 2 of 8 |
| CASE NUMBER: | CR-01-40144-01 SBA | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twenty-four (24) months.

[x]  The Court makes the following recommendations to the Bureau of Prisons:

[x]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before _ on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

| | | |
|---|---|---|
| DEFENDANT: | RAKESH DHINGRA | Judgment - Page 3 of 8 |
| CASE NUMBER: | CR-01-40144-01 SBA | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years .


While on Supervised Release you shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance.
　　The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]　　The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]　　The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

Revocation of supervised release in mandatory for refusal to comply with drug testing imposed as a condition of supervision. 18 U.S.C. Sections 3565(b)(3) and 3583 (g)(3)
　　You shall pay the assessment imposed in accordance with 18 U.S.C. Section 3013, and shall immediately notify the probation officer of any change in your economic circumstances that might affect your ability to pay a special assessment, fine, restitution, or co-payments ordered by the Court.
　　If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that you pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant shall cooperate with the probation officer in meeting any financial obligations

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT: RAKESH DHINGRA | Judgment - Page 4 of 8 |
| CASE NUMBER: CR-01-40144-01 SBA | |

# STANDARD CONDITIONS OF SUPERVISION

It is the order of the Court that the defendant shall comply with the following standard conditions:

1) The defendant shall not leave the judicial district or other specified geographical area without permission of the Court or the probation officer;
2) The defendant shall report to the probation officer as directed by the Court or the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities, including but not limited to, compliance with the terms of any court order or administrative process pursuant to the laws of a state, the District of Columbia, or any other possession or territory of the United States, requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
7) The defendant shall consume no alcohol if sentenced to the special condition that the defendant are to participate in a drug/alcohol program;
8) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
14) The defendant shall notify third parties of risks related to the defendant's criminal record, personal history, or characteristics, and shall permit the probation officer to make such notifications and/or confirm the defendant compliance with this notification requirement

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

DEFENDANT: RAKESH DHINGRA  
CASE NUMBER: CR-01-40144-01 SBA

Judgment - Page 5 of 8

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any fine, restitution, or special assessment that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervision.

2. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

3. The defendant shall submit his person, residence, office, vehicle or any property under his control to a search. Such a search shall be conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any residents that the premises may be subject to searches.

4. The defendant shall have no contact with the victim, unless otherwise directed by the probation officer.

5. The defendant shall not possess or use a computer with access to any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

6. The defendant shall (1) consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and (2) consent at the direction of the probation officer to having installed on his computer(s), at the defendant's expense, any hardware or software systems to monitor his computer use. The defendant shall maintain a daily log of all addresses he accesses via any personal computer (or other computer used by him), other than for authorized employment, and make this log available to the probation officer. The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed.

7. The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed sixty ($60) dollars per session, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| DEFENDANT: | RAKESH DHINGRA | Judgment - Page 6 of 8 |
|---|---|---|
| CASE NUMBER: | CR-01-40144-01 SBA | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments directly following the Monetary Penalties section.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 5000.00 | $ |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _ | $ _ | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [x] the interest requirement is waived for the    [x] fine and/or    [ ] restitution.

    [ ] the interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

---

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT: RAKESH DHINGRA | Judgment - Page 7 of 8 |
| CASE NUMBER: CR-01-40144-01 SBA | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [x] Lump sum payment of $5100.00 due immediately, balance due

    [ ] not later than _____, or

    [ ] in accordance with ( ) C, ( ) D, or ( ) E below; or

B [ ] Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) E below); or

C [ ] Payment in ___ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in ___ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [x] Special instructions regarding the payment of criminal monetary penalties:
AS DIRECTED BY THE PROBATION OFFICER

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [ ] Joint and Several

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 9/00) -Criminal Monetary Penalties

| DEFENDANT: | RAKESH DHINGRA | Judgment - Page 8 of 8 |
| CASE NUMBER: | CR-01-40144-01 SBA | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, (8) costs, including cost of prosecution and court costs.