Case No: 19-16323

---

**THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT COURT**

---

Rakesh Dhingra,
*Petitioner-Appellant*,

v.

U.S.A.
*Respondent-Appellee,*

---

ON APPEAL FROM THE ORDER OF UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, Oakland Division, JULY 01, 2019
(01-CR-40144 SBA)

---

# APPELLANT'S STATEMENT OF EVIDENCE UNDER CIRCUIT RULE 10 (c) AND SUPPLEMENTAL STATEMENT OF ISSUES TO BE RAISED ON APPEAL

---

Rakesh Dhingra, Appellant, *in Pro Se*
3606 Stoneglen S
San Pablo, CA 94806
Phone: 510-592-4106
Email: rakeshdh@gmail.com

Pursuant to Circuit Rules 10(c) and 10(b)(3)(A), Appellant prepares this statement of evidence and statement of issues. These issues would be raised on appeal, for which the District Court did not hold a hearing and no transcripts are available, except for the Court Order denying the Petition (Dkt. 160, Exhibit C).

The only opportunity for a hearing on the new discoveries came up on June 12, 2019 schedules at 1:00 pm, first scheduled after Appellant had filed his Petition for Writ of Error *Coram Nobis* (Dkt. 154). This hearing was vacated by the Trial Court with the following Clerk's Notice,

**Document Number:** 159 (No document attached)

Docket Text:

CLERK'S NOTICE as to Rakesh Dhingra. The Court finds that the Motions [140], [154], are appropriate for resolution without oral argument. Accordingly, the 6/12/2019 hearing is vacated and the Court will issue a written ruling. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (dtmS, COURT STAFF) (Filed on 6/11/2019)

## STATEMENT OF EVIDENCE

The following are the Statement of Evidence, with "errors of fact":

A. **The newly discovered entity, "FBI Cyber Squad"** - was led by Agent Esposito who was also the lead investigator from FBI ("Federal Bureau of Investigation") in this case at district court, while posing as a minor, engaged in sexually explicit conversations with Appellant on cyberspace (America Online, "AOL"); discussed sexual acts and arranged to meet in person. During the court proceedings, Agent Esposito committed perjury and obstruction of

justice when he denied his or his FBI Cyber Squads' undercover operations for the instant case, while, in fact, he was leading an "FBI Cyber Squad" in the San Francisco Bay Area during July 2000. This evidence is newly discovered. Agent Esposito only admitted that he had been involved in undercover operation posing as a minor, in his prior assignments. These new facts constitute "errors of fact" proving that there was no "real minor" in this instant case as required by the indictment against Appellant (see Exhibit A), (see Exhibit C, Order denying Petition, 2:9-16, 6:1-8).

B. **A decoy minor and an adult investigator, Ms. Eliina Belenkiy** – was used by 'FBI Cyber Squad', for the purpose of investigating the appellant after scheduling three meetings on cyberspace, is also newly discovered. There was no 'State of mind' or intent to have sexual activity with purported minor, Ms. Belenkiy in this case, because Appellant had "stood up" or rejected to meet with Ms. Belenkiy twice[1], now also known to be an adult investigator for FBI Cyber Squad. This proves the *mens rea*, i.e. appellant did not "knowingly sought sexual activity with a minor..." as stated in the indictment, even though he did sexually chat with the stated age of a 14 yr. old, FBI Cyber Squad Agent. Appellant decided to investigate on his own after the FBI Cyber Squad persistently persuaded the appellant for a third meeting with Ms. Belenkiy. (See Dkt. 154-1, Declaration for Writ of Error *Coram Nobis*, Exhibit B).

-----------

[1]The FBI Cyber Squad scheduled 2 meetings were rejected by Appellant, for which proof or evidence is available in the transcripts (Dkt. 154-2, Exhibit L; Dkt. 154-1, Declaration of Petitioner, attached as Exhibit B). This evidence is not new and only presented to show the association between newly discovered entity 'FBI Cyber' Squad and the newly discovered adult investigator, Ms. Belenkiy.

**STATEMENT OF ISSUES TO BE RAISED ON APPEAL** for claiming the relief, Writ of Error *Coram Nobis* on appeal, pursuant to Circuit Rule 10(b)(3)(A), appellant intends to present these issues on appeal pursuant to new discoveries:

**A. New Discovery - Petitioner's sexual chat with FBI Cyber Squad in cyberspace**

During June-July 2000, Petitioner randomly contacted many people on Cyberspace on America OnLine ("AOL"). The FBI Report stated that there were 891 texts of adult conversations found on Petitioner's laptop. One of them, with a username, "Doubt133" who said she was a female, but did not state in her profile a minor. Petitioner continued to chat with this female along with other several AOL members, even after being told that she is representing her age as close to 15 years but did not justify the communication that conformed to that age. From recent discoveries, it has been determined that this person was an FBI Cyber Squad investigator and a decoy minor, with aptly named chat username as "Doubt133".

**B. Petitioner continued to chat sexually with FBI Cyber Squad**

Petitioner had a reason to continue chatting with the "person" who was lying about her age or was just being mysterious. This has now been proven true recently, that this minor was none other than, FBI Cyber Squad Agent, Charles ("Chuck") J. Esposito who was instrumental in obtaining the frivolous indictment from Grand Jury against Petitioner. FBI Cyber Squad used a field investigator, Ms. Eliina Belenkiy[1] for meeting purposes. FBI Cyber Squad and prosecutors (US Attorneys)

-------------

[1]This brief refrains from hiding the identity of undercover investigator, Ms. Eliina Belenkiy. The Trial Court's order, Dkt. 160 changes Ms. Belenkiy's identity yet again, to another name, "E", continuing to fictitiously depict her as a victim

decided to have Ms. Eliina Belenkiy commit perjury after her identity was changed, from an adult investigator to a minor via the Witness Security program, for the purposes of lying in the Trial Court. (See Dkt. 154, Petition, 11:7-14, Declaration of Petitioner || 4-26).

**C. New Discovery or a Legal Error by Trial Court - Mere sexual chat with minor in cyberspace is not a federal crime**

The FBI Cyber Squad Agent, posing as a female minor, and who had been in conversation with the Petitioner stated multiple times that she was 14 years old, username or chat handle of “doubt133”. Unable to verify this information on cyberspace, Petitioner just nodded or acknowledged this information about her age on cyberspace, but still continued chatting. This conduct is not a federal crime under any federal law, including 18 USC 2422 (b), even with a sexual chat because there needs to be *mens rea* or ‘state of mind’ for the conduct that should be translated in real world. This conduct was missing, proved by twice rejection of the scheduled meeting with Ms. Belenkiy or “doubt133” or what is now known as FBI Cyber Squad. (See Dkt. 154, Declaration of Petitioner || 9-17).

The statement provided by US Attorneys’ in their brief with statement “That meeting did not occur RT (475)”, demonstrates that Petitioner did not have the state of mind or intent to carry out an “act of persuasion”. (See Dkt. 154, Exhibits, Exhibit D). The offense of the “act of persuasion” by Petitioner never occurred in this instant case.

The Ninth Circuit has yet to make a ruling on a defendant who only contacts a minor without any *mens rea* or intent to carry out the sexual activity discussed in cyberspace. Other sister circuits have already done so.

**United States v. Root**, 296 F.3d 1222, 1230 (11th Cir. 2002) "Mere contact… for the purposes of engaging in illegal sexual activity – that is not criminalized in 18 USC §2422 (b).

**United States v. Lee**, 603 F.3d 904, 914 (11th Cir, 2011) which states ""To prove the requisite intent under 18 USC §2422 (b), "the government must prove that the defendant intended to cause assent on the part of the minor, not that he acted with the specific intent to engage in sexual activity."

Criminalizing an intent to engage in illicit sex is proscribed in 18 USC §2423, and not in 18 USC §2422 (b). The proposed §2422 (c) was rejected by Congress because, *inter alia*: "As passed by the House, H.R. 3494 would make it a crime punishable by up to 5 years' imprisonment, to do nothing more than 'contact' a minor, or even just attempt to contact a minor, for purpose of engaging in sexual activity.

The incompetent Defense Attorneys in this instant case were of the opinion, or made to believe by US Attorneys and a judicially biased trial court that mere sexual chat by Petitioner with any minor (fictitious or real) can cause a violation of 18 USC §2422 (b). (See Dkt. 154, Exhibits, Exhibit D). The Trial Courts expresses the same views.

The trial court states in its Order, (Dkt. 160 Order, 2:1-3), "Petitioner and the girl engaged in extensive IM conversations revolving around sexual topics. As the conversations progressed, they discussed in increasingly explicit detail the sex acts they planned to perform on each other when they met. The trial court, in its blind justice or judicial prejudice for the FBI Cyber Squad fails to note repeatedly that this sexual talk, was merely a talk, but without any actions. The real action was a rejection or "standing up" of Ms. Belenkiy twice. This is depicted in Exhibit L and

Exhibit D, Dkt. 154-2. These exhibits, attached with the Petition (Dkt. 154) is the actual stated action, contrary to what is said on cyberspace. Therefore, what was said on cyberspace, is not what was acted on by the Petitioner when he rejected the meetings by FBI Cyber Squad. This also proves that any one of the real or fictitious minor could not have been persuaded, enticed or induced by the Petitioner for a violation of 18 USC 2422 (b), either in reality or by attempt, because there was no *mens rea,* or state of mind to carry out the stated conversation in cyberspace. This was already termed or called "a fantasy" in one of the AOL message by the Petitioner to the FBI Cyber Squad.

**D. No reason for Petitioner to provide personal information to a stranger on cyberspace**

When "doubt133" asked Petitioner his age, he told her that his age was 27, an arbitrarily picked number. (Order, Dkt. 160, 1: 22-25). This was because he did not know who he was talking to and did not want to give out personal information to someone he did not know. This action is similar to redaction of personal and financial information (address, phone number, date of birth, etc.) that is now commonly done in federal pleadings. Redaction is done instead of providing wrong or invalid information in federal pleadings. The Trial Court Order makes a big deal out of such lying of his age by Petitioner, and on the other hand, does not care about the perjury and frivolous indictment by FBI Cyber Squad with a decoy minor.

**E. New Discovery - Purported minor was a field investigator for FBI Squad**

In this instance case, neither Petitioner not the FBI Cyber Squad were able to authenticate or verify each other identities on cyberspace. Here, there was

information presented but could not be verified as authentic. Indeed, new discoveries after years of investigation show that information presented was false.

While FBI Cyber Squad was trying to act like a bouncer, saying that he or she was a minor, and that Petitioner should "bounce off". However, Petitioner did not believe what was said, and therefore, was challenged during the entire conversation. There was no way to verify this information unless the parties met physically. This challenge does not show in the written conversations at "AOL" chat messaging between the two parties, because it has subtle undertone to it, and it is something that cannot be read on AOL chat messages.

**F. Recent Discovery shows "Error of Facts" of most fundamental character**

There are "error of facts" that were committed or even planned before the indictment was issued against the Petitioner in this case. These errors discovered provides evidence of manipulated fabricated facts such that those facts in error would conform to the indictment issued making it a frivolous indictment:

1. Error of Fact #1 – FBI Cyber Squad made sure that Petitioner is not able to verify or authenticate later or forever that he had been messaging with someone who was an adult FBI Agent, except for the trial court and US Attorneys. Similarly, they made sure that no one ever discovers that Ms. Belenkiy was an investigator working for the FBI, except for a few insiders in FBI Cyber Squad. This is because WITSEC program of the US Marshal Service is so secretive that it is almost impossible to discover their workings. The only reason Petitioner has been able to discover these highly secretive information, is because both Ms. Belenkiy and Agent, Esposito have been careless on cyberspace. They have recently been broadcasting their achievements and workings.

Just because anyone can state anything on cyberspace, however fake or false that information can be; it cannot be proven that the messages exchanged on cyberspace are "knowingly" and factually true or it could be "knowingly" verifiable and authenticated information. Therefore "knowingly" is not something that can be applicable to cyberspace information, that too from a stranger that Petitioner or anyone for that matter could rely on. **Reno v. ACLU**, 21 US 844, 901 (1997).

The recent discoveries have been unfolded recently and an old mystery was solved that Petitioner was not even messaging the recently discovered adult woman, Ms. Belenkiy, mentioned in the indictment or with anyone who had not attained the age of 18 years. From a preponderance of evidence, it can be concluded that perjury and obstruction of justice was conducted, in federal proceedings for the underlying criminal case. New discoveries show that messages were exchanged with the newly discovered entity, "FBI Cyber Squad" Agent(s). Therefore, Petitioner did not or cannot have "knowingly" persuaded, enticed and induced anyone who had not attained 18 years of age, based on the false information relayed on cyberspace.

2. Error of fact #2 - There was no minor at any stage of this case as alleged in the indictment ("…knowingly persuaded, enticed and induced an individual who had not attained the age of 18 years of age…"), at any time during the conversations alleged to have taken place on cyberspace. Based on conversed messages, Petitioner had suspected before that the person he was messaging with was not a minor or 18 years of age on cyberspace or at the meeting on July 10, 2000. Having no proof of this suspicion at the time, this avenue was not pursued further, even when he contemplated in a motion to the Court that such matter may be pursued. The proof of no minor present in cyberspace for

which the indictment is alleged, and that Ms. Belenkiy's identity was changed to make her a minor, is now evident in Exhibits gathered.

Because this matter involved highly secretive WITSEC program of the US Marshal Service, it was very difficult to obtain this information and henceforth the delay in obtaining it. The information that no minor was involved in cyberspace or during personal meeting of July 10, 2000, has now been unearthed. The FBI Cyber Squad's undercover operations was involved in cyberspace messaging with the Petitioner, and Ms. Belenkiy was their adult field investigator who had nothing to do with cyberspace and therefore was not even invited to read her own purported messages during jury trial (Dkt. 154-2, Exhibits, Exhibit K), (Dkt. 154-1, Declaration || 38-41).

The new discoveries of Ms. Eliina Belenkiy also confirms her association with the FBI Cyber Squad. Ms. Belenkiy's identity was changed, using the WITSEC program after the meeting with Petitioner, for conforming to the requirements of the frivolous indictment and provide the Federal Trial Court with evidence and testimony at the trial that she was close to 15 years of age on July 10, 2000, the date of meeting with Petitioner. These tasks were undertaken because Petitioner had already met with purported minor, and an adult investigator, Ms. Eliina Belenkiy on July 10, 2000 for about an hour; therefore, FBI Cyber Squad and US Attorney's were unable to use the "attempt" clause for violation of 18 USC 2422 (b) in their indictment.

3. Error of fact #3 – Recent discoveries point out that Petitioner could not have persuaded, enticed or induced Ms. Belenkiy, a purported minor for lewd or lascivious purposes on cyberspace, as charged with in the indictment. This is because Petitioner had rejected or "stood up" Ms. Belenkiy and contrary to what was said online on cyberspace. Therefore, one cannot say with 100%

certainty the *mens rea* or intent of Petitioner was to have sexual activity with the adult, Ms. Belenkiy even though there was sexual conversation with this individual. This messaging is now discovered to the 'FBI Cyber Squad' Agent with the chat handle "doubt133" on cyberspace ("AOL").

The indictment that was issued on August 30, 2001 could not have been an attempt case because of the above two reasons,

a) Petitioner had no *mens rea* or state of mind because Petitioner rejected the first two meetings with Ms. Belenkiy (Dkt. 154-1, Declaration || 9-16, and

b) FBI Cyber Squads' (Decoy minor) repeated requests resulting in Petitioner investigating the investigator, Ms. Belenkiy on July 10, 2000 (Dkt. 154-1, Declaration || 17-26),

Ms. Belenkiy was chosen for investigating the Petitioner and meeting in person with the Petitioner and therefore FBI Cyber Squad has scheduled three meetings with her; the first two of which were rejected by Petitioner. Thereafter, when Ms. Belenkiy's change of identity was completed, she was used to testify against Petitioner, as a real minor at the jury trial.

Due to the above "error of facts", the issued indictment against Petitioner had failed to state a crime; therefore, it was a frivolous indictment. Ironically, these facts have been discovered from the cyberspace itself during 2015-2018. Petitioner found the answers and solved the mystery of this case (Dkt. 154-1, Declaration || 4-8) from cyberspace where FBI Cyber Squad Agent advertised that he was leading the Cyber Squad in San Francisco Bay Area. It appears that these facts had already been known to the Trial Court. The Trial Court assumed that indictment and conviction are proper with the assumption that the "attempt" clause of 18 USC 2422 (b) applies to Petitioner, even though it is not stated in the indictment (Dkt. 160, Order, 13:1-10),

and therefore the FBI Cyber Squad Agent, or Ms. Belenkiy are entitled to lie and commit perjury in the Trial Court.

The indictment clearly states that a real minor who had not attained the age of 18 years was "persuaded, enticed and induced". Therefore, Ms. Belenkiy cannot be called a "victim" as the Court repeatedly states in its Order and changes her identity again to "E". Recent discoveries places Ms. Belenkiy as the undercover investigator for FBI Cyber Squad in this instant case. This discovery renders the indictment frivolous, as one that fails to state a claim against Petitioner.

**G. FBI Cyber Squad only wanted an investigation of Petitioner with Ms. Belenkiy without any arrest on July 10, 2000**

The reason to lie and perjure themselves in Hon. Armstrong Federal Court was, – Petitioner could not be charged with US Prosecutors, most favored choice of the violation of 18 USC 2422 (b), namely, the "attempt" version of the violation of 18 USC 2422 (b), because FBI Cyber Squad had themselves allowed their investigator, Ms. Belenkiy to meet with Petitioner on July 10, 2000 for almost one hour without charging him on that day. On July 10, 2000, the FBI Cyber Squad had an opportunity to arrest Petitioner but they did not do so.

The reason for FBI Cyber Squad for not arresting on July 10, 2000 at the meeting with Ms. Belenkiy, is that the FBI Cyber Squad themselves did not think that Petitioner had violated the attempt clause of 18 USC 2422 (b), representing by the prior behavior of Petitioner that included

a) not persuading Ms. Belenkiy to meet for sexual activity as proscribed in 18 USC 2422;
b) to reject the previous two meetings with Ms. Belenkiy;

c) Additionally, Petitioner did not participate in sexual conversations that matched the sexual conversations of the FBI Cyber Squad (Dkt. 154-2, Exhibits, Exhibit M), (Dkt. 154-1, Declaration || 25-26).

FBI had to back track after the meeting on July 10, 2000 and charge Petitioner after one year on August 30, 2001. During the one year, between July 10, 2000 and August 30, 2001 the FBI Cyber Squad needed to accomplish many tasks that included

a) Closing of Account "doubt133" to destruct the incriminating evidence of FBI Cyber Squad;
b) changing the identity of Ms. Belenkiy;
c) get the signatures of Petitioner on sexual content of the AOL-IM but not on the ones where "doubt133" accuses Petitioner for "standing up" twice the decoy minor.
d) Get the indictment (Dkt. 154-2, Exhibits, Exhibit J) after lying to the Grand Jury for violation of 18 USC 2422 (b) without attempt clause.

**H. FBI Cyber Squad could not use their favorite "attempt" violation of 18 USC 2422 (b) against Petitioner**

Throughout the United States Federal District Courts, the FBI Cyber Squads have used their preferred violations of 18 USC 2422 (b) using the "attempt" clause. There is not a single case of 18 USC 2422 (b) in the entire USA other than the instant case, that did not use the attempt clause of 18 USC 2422 (b). This is because the instant could never have been an "attempt" case after the meeting having taken place between Ms. Belenkiy and Petitioner for more than one hour on July 10, 2000. Now the recent discovery depicts the lying jurors by both Ms. Belenkiy, the decoy minor

and Agent, Esposito to cover-up their mistakes. This makes the instant case a unique case of 18 US 2422 (b) in the federal justice system of USA.

It took more than one year for FBI to obtain the indictment, notable after the FBI Cyber Squad had completed the identity change of Ms. Belenkiy and converted her from an adult to a minor using the change of identity (Witsec) program of US Marshall Service. In this duration, Agent, Esposito requested Petitioner for an interview in which he took the signatures of Petitioner on parts of the sexual conversation but not on those conversations where the FBI Cyber Squad were begging the Petitioner to meet with their investigator, Ms. Belenkiy. (Dkt. 154-1, Declaration || 9-12).

**I. New Discovery - Sequence of LIES in Hon. Armstrong Federal Court**

a) FBI Cyber Squad Agent, Esposito concealed his undercover operations in cyberspace (AOL) for the instant case from the defense counsel. Recent discoveries demonstrate that FBI Cyber Squad Agent, Esposito had committed perjury and obstruction of justice in Hon. Armstrong Federal Trial Court by lying that he was not involved in the undercover operations for the instant case (Dkt. 160. Order, 5:20-28);

b) Agent Esposito also lied that he received the instant case of 'minor Ms. Belenkiy' from Detective Sharpe, Contra Costa Police Department, while hiding the fact that his own undercover operations was operationally using Ms. Belenkiy as their investigator for investigating Petitioner at the meeting on July 10, 2000 that was scheduled in cyberspace (AOL) by the FBI Cyber Squad (Order, 6:1-8);

c) Ms. Belenkiy on the other hand lied being a minor to the local Contra Costa Police Department including detective Sharp on July 11, 2000. (Order, 7:7-12); and,

d) Detective Sharp faked his call for assistance from FBI Agent Esposito because Ms. Belenkiy had filed a sexual assault report. However, it was Agent Esposito's FBI Cyber Squad who had arranged the meeting with Petitioner including two previous meeting that Petitioner had rejected ("stood up") the meetings with purported minor, Ms. Belenkiy that led to this drama. (Order, 2:4-16, 7:7-12). No charges have ever been filed for this sexual assault report by Ms. Belenkiy. (Dkt. 154-1, Declaration || 36-37).

**J. New Discovery - FBI Cyber Squad Agent, Esposito's frivolous indictment**

FBI Cyber Squad Agent, Esposito obtained the frivolous indictment from Grand Jury after fabricating the adult investigator, Ms. Belenkiy as a minor in Court. FBI obtained this after requesting Petitioner's signatures on the chat messages that depicted sexual conversations but deliberately would not take signatures on specific chat messages that show FBI Cyber Squad begging to meet with their investigator. (See Dkt. 154-2, Exhibits, 'Exhibit A'), (Dkt. 154-1, Declaration || 9-16).

To obtain this indictment, it is obvious that the FBI had hidden the facts about Petitioner wanting to meet adults and the two rejections by Petitioner to meet Ms. Belenkiy, who was an investigator. This evidence contradicts the violation of 18 USC 2422 (b) by Petitioner. Additionally, the FBI's own report (See Dkt. 154-2, Exhibits, 'Exhibit F') depicts that Petitioner was chatting with numerous adults.

After her identity was changed to minor using the WITSEC program, the adult investigator, Ms. Belenkiy testified as a real minor on behalf of the FBI Cyber Squad

conducting perjury and obstruction of justice. Therefore, the entire proceedings or the prosecutorial process and prosecution of Petitioner at the Hon. Armstrong Trial Court represented a false and frivolous prosecution.

In other words, the entire criminal case was not only frivolous, it was a "hoax" enacted in Hon. Armstrong Federal Courtroom, that also represented favoritism, judicial bias and undue privilege from the Trial Court for the FBI Cyber Squad; making a mockery of the entire justice system, representing a structural error in addition to "error of facts" and egregious legal errors. This was hailed as a victory, or a feather in the cap of FBI Cyber Squad because they had successfully obtained a conviction against Petitioner by perjury and obstruction of justice in a Federal Court.

The accurate information about Ms. Eliina Belenkiy (depicted as "E" in the trial court order) is discovered by Petitioner recently, as an adult or decoy minor. The adult investigator for FBI Cyber Squad, Ms. Eliina Belenkiy was presented to the Trial Court and Jurors in the Jury Trial as a real minor. The new facts present itself in this case with a basis or reasonable inference that no federal crime was committed. Therefore, the indictment was frivolous or a "hoax" and had in reality, failed to state a crime.

**K. Petition for Error Coram Nobis filed by Petitioner during and after the discoveries**

The Petition for Writ of Error *Coram Nobis* was first presented to Trial Court on March 28, 2017 but no action was taken by the Court until April 9, 2019, when it created an Order to file an amended Petition with a limitation of only 15 pages (excluding declaration, exhibits and table of contents), (see Dkt. 152, Case: 01-cr-40144 SBA) including a scheduling order including a hearing on June 12, 2019

which was vacated by the Judge. This amended Petition (Dkt. 154) was filed on April 26, 2019 with the following recent discoveries with evidence:

1. The entity "FBI Cyber Squad" operated in San Francisco Bay area during June-July 2000. This entity was led by the same FBI Agent, Charles ("Chuck") J. Esposito, who was instrumental in obtaining an indictment against Petitioner after Agent, Esposito requested that Petitioner provide him an interview. Petitioner, then provided Agent Esposito a voluntary interview wherein Petitioner signed 2 pieces of paper for Agent, Esposito that were actual chat messages of Petitioner with someone "Doubt133" and which was recently discovered to be Agent Esposito himself, who was chatting with Petitioner, as almost 15-year-old minor. This is because, it was not known at the time or was concealed during the Trial Court proceedings and the Jury Trial that Agent Esposito was himself leading the entity, FBI Cyber Squad'.

2. FBI Cyber Squad Agent Esposito falsely stated or perjured in the Trial Court that it was not him who was conversing using instant messages, but was a real minor; another perjury and obstruction of justice. Recent discoveries prove with preponderance of evidence, that the FBI Cyber Squad did not have any real minor to present in this case, on which the indictment was alleged against the Petitioner for an "act of persuasion" against someone who has not attained 18 years of age (see Dkt. 1 as Exhibit A attached). FBI Cyber had created a fictitious minor out of an adult investigator, Ms. Eliina Belenkiy, whose identity was changed (two i's in her first name depict this fact, including numerous recently discovered facts).

3. This adult investigator was depicted to the local county police, this trial court,

the defense team, the prosecutors and even the trial jury after the change of identity, as a real minor. Recently discovered facts shows that investigator, Ms. Eliina Belenkiy and her family were relocated to Gainesville, VA by the US Marshal Service after her identity was changed for the purposes of providing a false testimony in the Trial Court and to the Jurors (on September 19, 2002). Ms. Belenkiy was not even conversing online with Petitioner or was persuaded on cyberspace by Petitioner. This act of online conversation was accomplished by FBI Cyber Squad who also requested Petitioner to meet with Ms. Belenkiy. Petitioner has "stood up" or rejected meeting with her twice. These meetings were also recently discovered to have been scheduled by the FBI Cyber Squad on cyberspace for Ms. Belenkiy, their investigator but presented in the Trial Court as real minor, after a change of identity was accomplished, sometime in 2001 (exact date is unknown). As an excuse for the identity change and presenting to trial jury, the trial court has come up with another excuse, that, 'Petitioner could have been charged with "attempt" violation'. However, as explained above, this was an impossibility.

4. The statute, 18 USC 2422(b) statute was the basis on which FBI had created the indictment (Dkt. 1) with the help of Petitioner's signature on a document of chat messages, admitting that he did chat with the purported minor, who he thought was not a minor, and additionally met her later for about one hour after having rejected to meet with her twice before. This meeting was for investigating purposes only. However, recent discoveries prove that Petitioner was actually investigating Ms. Belenkiy, who was a real investigator for the newly discovered entity, the FBI Cyber Squad led by Agent, Esposito.

**Circuit Rule 10 (c) -** Pursuant to Circuit Rule, 10 (c), "the statement of evidence must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal".

Dated: July 19, 2019

/s/ *Rakesh Dhingra*
RAKESH DHINGRA
Petitioner-Appellant

**CERTIFICATE OF TRANSCRIPT ORDER**

I hereby testify that the transcripts on file, Docket Nos. 62, 65, 67 and 71 are designated as part of the record on appeal, pursuant to the Transcript Designation Form, filed on July 11, 2019 as Dkt.166, under District Court Case No: 01-cr-40144 SBA. NO TRANSCRIPTS WILL BE ORDERED, as per Circuit Rule 10 (b) (1) (B) and 10 (b) (3) (A).

Date: July 19, 2019

/s/ *Rakesh Dhingra*
RAKESH DHINGRA
*Petitioner - Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2019, an electronic PDF of APPELLANT'S STATEMENT OF EVIDENCE and SUPPLEMENTAL STATEMENT OF ISSUES under circuit rule 10 (c) and 10(b)(3)(A) respectively and a CERTIFICATE OF TRANSCRIPT ORDER, for appeal of order denying PETITION for Writ of ERROR *CORAM NOBIS* (Appeal No: 19-16323) was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys and parties participating in the case. Such notice constitutes service on the registered attorneys and parties.

Date: July 19, 2019

/s/ *Rakesh Dhingra*
RAKESH DHINGRA
*Petitioner - Appellant*